IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MIKASH INVESTMENTS, INC. DBA DAYS INN FORT WORTH | § § § § | |
| Plaintiff | § § | |
| V. | § § | CIVIL ACTION NO. _____ |
| ESSEX INSURANCE COMPANY, and ADAM JOSHUA BRENNER, | § § § § § | |
| Defendants | § | |

═══════════════════════════════════════════

## DEFENDANT'S NOTICE OF REMOVAL

═══════════════════════════════════════════

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to 28 U.S.C. §§1441 and 1446, Defendant Evanston Insurance Company, as successor by merger to Essex Insurance Company ("Evanston"), in Cause No. 348-293616-17, pending in the 348th District Court of Tarrant County, Texas, files this Notice of Removal to the United States District Court for the Northern District of Texas, Fort Worth Division, on the basis of diversity of citizenship and amount in controversy and respectfully shows the Court the following:

### I.      FACTUAL BACKGROUND

1.      This is an insurance claim based on alleged property damage to a commercial property located in Fort Worth, Texas.  On or about August 2, 2017, Mikash Investments, Inc. ("Days Inn" or "Plaintiff") filed its Original Petition in the matter styled as Cause No. 348-293616-17*; Mikash Investments, Inc. d/b/a Days Inn Fort Worth v. Essex Insurance Company, et al*; in the 348th Judicial District Court of Tarrant County, Texas.  According to Plaintiff's

Original Petition, Evanston insured the property and Adam Joshua Brenner ("Brenner") handled the claims process. Plaintiff asserts that both Evanston and Brenner have delayed and underpaid the claim.

2.      Plaintiff served Evanston with its Original Petition on or about August 2, 2017. Evanston filed its Original Answer and General Denial on September 28, 2017. Accordingly, Evanston files this timely Notice of Removal within thirty (30) days of receiving service of process and citation. *See* 28 U.S.C. §1446(b).

## II.      BASIS FOR REMOVAL

3.      Removal is proper based upon diversity of citizenship under 28 U.S.C. §§1332(a)(1), 1441(a), and 1446.

### A.      The Proper Parties Are Diverse

4.      Upon information and belief, Plaintiff is, and was at the time the lawsuit was filed, a corporation domiciled in Texas.

5.      Evanston is an Illinois corporation with its principal place of business in that state.

6.      Defendant Adam Joshua Brenner is an individual domiciled in the State of Texas and is classified as a citizen of the State of Texas. Nevertheless, Brenner has been improperly joined and his citizenship should be disregarded for the purposes of evaluating diversity jurisdiction.

### B.      Improper Joinder Standards

7.      This Court should find that Brenner has been improperly joined solely to defeat diversity. A party may establish improper joinder by showing (1) actual fraud in the pleading of jurisdictional facts, or (2) the plaintiff's inability to establish a state-law claim against the non-diverse defendant. *Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd.*, 818 F.3d 193,

199 (5th Cir. 2016); *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (en banc).  To determine "whether the complaint states a claim under state law against the in-state defendant," courts "may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint." *Smallwood*, 385 F.3d at 573.

8.      The Fifth Circuit has recently clarified that for the improper joinder analysis, pleadings must satisfy the federal pleading standard: <u>not</u> Texas's fair notice pleading standard. *Int'l Energy Ventures Mgmt.*, 818 F.3d at 200 ("It is well-established, of course that Rule 12(b)(6) analysis necessarily incorporates the *federal* pleading standard'") (emphasis original) (internal citations omitted).  This means that many allegations under the Texas Insurance Code must meet the heightened pleading requirements of Rule 9(b).  *See, e.g., Columbia Mut. Ins. Co. v. Trewitt-Reed Funeral Home, Inc.*, No. 4:15-CV-568-A, 2016 WL 524597, at *2 (N.D. Tex. Feb. 5, 2016).  When these principles are applied, it is evident that Brenner has been joined solely to defeat diversity jurisdiction.

## C.      Brenner Has Been Improperly Joined

9.      Plaintiff cannot establish any claim against Brenner individually that would show he is properly joined.  First, Brenner was acting on Evanston's behalf and any of his actions were necessarily those of Evanston, a point which Section V of Plaintiff's Original Petition concedes.  As such, Plaintiff has failed to state an actionable claim against Brenner as an individual defendant.

10.     Next, Plaintiff has not alleged any specific facts against Brenner himself that would lead to individual liability.  Each allegation against him is either couched in the plural "Defendants" or otherwise describes Brenner acting within the course and scope of his employment. *See Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.*, H-09-1728, 2009

WL 3602043, at *4 (S.D. Tex. Oct. 27, 2009) (finding allegations made without facts attributed

to adjuster individually did not provide a reasonable basis for recovering from the adjuster);

*Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999); *TAJ Prop., LLC v. Zurich Am.*

*Ins. Co.*, No. H-10-2512, 2010 WL 4923473, at *4 (S.D. Tex. Nov. 29, 2010) (holding that an

adjuster was improperly joined when all claims were made generally against "Defendants"

without specific allegations regarding the adjustor's independent actions). While an adjuster may

theoretically be liable for a violation of the Insurance Code, a plaintiff must nevertheless allege

some factual basis that would support individual liability.  *Id.*  Because Plaintiff has not done so

against Brenner, it is evident that he has been improperly joined solely to defeat diversity

jurisdiction.

11.     Moreover, many of the causes of action asserted against Brenner are not even

actionable against individual adjusters.   Several courts have already ruled that many of the

commonly asserted causes of action against insurance adjusters – just like those here – are not

actionable.  For example:

- Plaintiff cannot recover against Brenner under Insurance Code §541.060(a)(2)(A). *Mainali Corp.*, 2015 WL 5098047 at *4, *citing One Way Invs., Inc. v. Century Sur. Co.*, 2014 WL 6991277 at*4 (N.D. Tex. Dec. 11, 2014); *see also Meritt Buffalo Events Ctr., LLC v. Cent. Mut. Ins. Co.,* No. 3:15-CV-3741-D, 2016 WL 931217, at *4 (N.D. Tex. Mar. 11, 2016).   This is the case because an adjuster merely assesses the claimed damages without any settlement authority on behalf of the insurer. *Id.*

- Plaintiff cannot recover against Brenner under Insurance Code §541.060(a)(3). *Lopez v. United Prop. & Cas. Ins. Co.*, No. 3:16-CV-0089, 2016 WL 3671115, at *4 (S.D. Tex. July 11, 2016) *citing id.*  Not only does an adjuster not have authority to affirm or deny coverage to a policyholder, an adjuster also does not have an actual obligation to provide a reasonable explanation of the basis in the policy for the insurer's position. *Id.*

- Plaintiff cannot recover against Brenner under Insurance Code §541.060(a)(7). *Id.*  As with the preceding sections, the people who can be held liable are those with the actual ability to pay the claim, not the individual responsible for conducting the investigation.

- Plaintiff also cannot recover against Brenner for any violations of Chapter 542 because it "only applies to specifically listed 'insurers,' and [Brenner], an adjuster, is not an insurer." *Mainali Corp*., 2015 WL 5098047; *see also Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F.Supp.3d 721, 723 (N.D. Tex. 2014).

- Plaintiff cannot recover on its DTPA claims against Brenner for the same reasons that it cannot recover on its Insurance Code causes of action. *Id.*

As these claims are not actionable against Brenner, they do not provide a basis to predict recovery against him.

**F.     The Amount in Controversy Exceeds the Jurisdictional Requirements for Diversity Jurisdiction.**

12.     The amount in controversy requirement for diversity jurisdiction is satisfied in this case as demonstrated by Plaintiff's Original Petition in which Plaintiff alleges that it "seeks monetary damages over $200,000.00 but less than $1,000,000.00." *See* Plaintiff's Original Petition at Section XI. This amount exceeds the jurisdictional requirements for subject matter jurisdiction, and demonstrates that the amount in controversy requirement is satisfied.

### III.     REMOVAL IS PROCEDURALLY CORRECT

13.     Plaintiff served the Texas Department of Insurance on August 2, 2017, and Evanston received service on August 3, 2017. Accordingly, Evanston files this Notice of Removal within the thirty-day time period required by 28 U. S. C. Section 1446(b).

14.     Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiff's claim allegedly occurred in this District and Division.

15.     Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

16.     Pursuant to 28 U.S.C. §1446(d), promptly after Evanston files this Notice, written notice of the filing will be given to Plaintiff, the adverse party.

17.     Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Tarrant County District Court, promptly after Evanston files this Notice.

## IV.     CONCLUSION

Based upon the foregoing, and other documents filed contemporaneously with this Notice of Removal, which are incorporated by reference, Defendant Evanston Insurance Company, as successor by merger to Essex Insurance Company, hereby removes this case to this court for trial and determination.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By:   s/ Cyrus W. Haralson
      Cyrus W. Haralson
      Attorney-In-Charge
      State Bar No.  24065371
      E-mail:  charalson@thompsoncoe.com

      Christopher H. Avery
      Of Counsel:
      State Bar No. 24069321
      E-mail:  cavery@thompsoncoe.com

One Riverway, Suite 1400
Houston, Texas 77056
Telephone:  (713) 403-8210
Telecopy:    (713) 403-8299

ATTORNEYS FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 28, 2017, I electronically filed a true and correct copy of the foregoing using the Court's CM/ECF system, which then sent a notification of such filing (NEF) to plaintiff's counsel of record Matthew R. Pearson and Jonathan C. Lisenby, GRAVELY & PEARSON, L.L.P., 425 Soledad, Suite 600, San Antonio, Texas 78205.


/s/ Christopher H. Avery
Christopher H. Avery