

# Tarrant County District Clerk Online
### Thomas A. Wilder, District Clerk

| Civil - Case and Transaction Information | 9/28/17 11:20 AM |
|---|---|

| Cause Number: 348-293616-17 | Date Filed: 08-02-2017 |
|---|---|

| MIKASH INVESTMENTS, INC. DBA DAYS INN FORT WORTH | | VS | | ESSEX INSURANCE COMPANY AND ADAM JOSHUA BRENNER |
|---|---|---|

Cause of Action:        CONTRACT, INSURANCE

Case Status:        PENDING

| File Mark | Description | | | | Assessed Fee | Credit/Paid Fee |
|---|---|---|---|---|---|---|
| 08-02-2017 | PLTF'S ORIG PET | N | I | | 284.00 | |
| 08-02-2017 | COURT COST (PAID) trans #1 | Y | | | | 284.00 |
| 08-02-2017 | CIVIL INFO SHEET | | | | | 0.00 |
| 08-02-2017 | SERVICE REQUEST FORM | I | | | | 0.00 |
| 08-02-2017 | CIT CERT MAIL-ISSUED ON ADAM JOSHUA BRENNER-ON 08/03/2017 | N | Svc | | 83.00 | |
| 08-02-2017 | COURT COST (PAID) trans #5 | Y | | | | 83.00 |
| 08-02-2017 | CITATION TO COMMISSIONER OF INSURANCE | V | A | Svc | 8.00 | |
| 08-02-2017 | COURT COST (PAID) trans #7 | Y | | | | 8.00 |
| 08-02-2017 | SERVICE FEE, SUBSEQUENT CERTIFIED MAIL | V | A | Svc | 75.00 | |
| 08-02-2017 | COURT COST (PAID) trans #9 | Y | | | | 75.00 |
| 08-02-2017 | COPIES - ELECTRONIC (SENT TO DP) | N | | | 15.00 | |
| 08-02-2017 | COURT COST (PAID) trans #11 | Y | | | | 15.00 |
| 08-02-2017 | JURY FEE | N | | | 40.00 | |
| 08-02-2017 | COURT COST (PAID) trans #13 | Y | | | | 40.00 |
| 08-03-2017 | LTR/E.REYNOLDS (COPY FEE PAYMENT) | I | | | | 0.00 |
| 08-03-2017 | COPIES - ELECTRONIC | N | | | 1.00 | |
| 08-03-2017 | COURT COST (PAID) trans #16 | Y | | | | 1.00 |
| 08-03-2017 | CITATION TO COMMISSIONER OF INSURANCE Tr# 7 | V | A | Svc | -8.00 | |
| 08-03-2017 | SERVICE FEE, SUBSEQUENT CERTIFIED MAIL Tr# 9 | V | A | Svc | -75.00 | |
| 08-03-2017 | CIT Comm of Ins Cert Mail-ISSUED ON ESSEX INSURANCE COMPANY-On 08/03/2017 | N | A | Svc | 83.00 | |
| 08-09-2017 | CIT CERT MAIL Tr# 5 RET EXEC(ADAM JOSHUA BRENNER) On 08/04/2017 | I | | | | 0.00 |
| 08-09-2017 | CIT Comm of Ins Cert Mail Tr# 20 RET EXEC(ESSEX IN SURANCE COMPANY) On 08/07/2017 | I | | | | 0.00 |
| 09-28-2017 | ANS/RESP/CONTEST | I | | | | 0.00 |

**District Clerk's Office**

Tom Vandergriff Civil Courts Building

100 N. Calhoun St., 2nd Floor, Fort Worth, Texas 76196, Contact Us

Please send questions and comments regarding the District Clerk web site to District Clerk Webmaster

1 of 1

9/28/2017, 11:20 AM

348-293616-17

FILED
TARRANT COUNTY
8/2/2017 4:30 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. _____

| | | |
|---|---|---|
| MIKASH INVESTMENTS, INC. | § | IN THE DISTRICT COURT |
| DBA DAYS INN FORT WORTH | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | TARRANT COUNTY, TEXAS |
| | § | |
| ESSEX INSURANCE COMPANY | § | |
| And ADAM JOSHUA BRENNER | § | |
|     Defendants. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, MIKASH INVESTMENTS, INC d/b/a DAYS INN FORT WORTH files this their Original Petition and Request for Disclosure against Essex Insurance Company ("Essex) and Adam Joshua Brenner ("Brenner" or "Adjuster"), and in support thereof would show as follows:

### I.  DISCOVERY LEVEL

Pursuant to rule 190 of the Texas Rules of Civil Procedure, Plaintiff intends to conduct discovery under Level 3.

### II. VENUE

Venue is appropriate in Tarrant County, Texas because all or part of the conduct giving rise to the causes of action were committed in Tarrant County, Texas and the Plaintiff and property which is the subject of this suit are located in Tarrant County, Texas.

### III. PARTIES

Plaintiff resides in Tarrant County, Texas.

The Insurance Defendant is a property and casualty insurance carrier which engages in the business of Insurance in Texas. The insurance business done by Essex in Texas includes, but is not limited to, the following:

- The making and issuing of contracts of insurance with Plaintiff;

- The taking or receiving of application for insurance, including the Plaintiff's application for insurance;

- The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from Plaintiff; and

- The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including Plaintiff.

5.      Defendant, Essex Insurance Company of Texas may be cited with process **by Certified Mail Return Receipt Requested** to 4521 Highwoods Parkway, Glen Allen Virginia 23060-6148 c/o Commissioner of Insurance, David Mattax, at 333 Guadalupe Street, Austin, Texas 78701.

6.      Defendant Adam Brenner is an adjuster who engages in the business of insurance in Texas.  He may be cited with process **Certified Mail Return Receipt Requested** to his last known address registered with the Texas Department of Insurance 4760 Preston Road, 244-142, Frisco, Texas 75034-8549.

## IV. NATURE OF THE CASE; RELIEF SOUGHT

This is a first-party insurance coverage case stemming from extensive damage to Plaintiff's Property caused by fire and resultant damage.  Plaintiff seeks declaratory judgment, damages for breach of contract and violations of the Texas Insurance Code for Defendant's failure and refusal to timely notify Plaintiff of a coverage decision regarding their claim.  Plaintiff also seek their attorney's fees, statutory penalties, costs of court and pre- and post-judgment interest.

In the alternative, and because Plaintiff understands that Defendant may issue a coverage decision during the pendency of this suit, Plaintiff seeks alternative recovery of damages for breach of contract, violations of the Texas Insurance Code, violations of the Deceptive Trade Practices Act, and

common law bad faith for underpayment of their claim in the event that an underpayment of the covered loss is made by Defendants.

## V.  BACKGROUND FACTS

Plaintiff owns a hotel located in Tarrant County, Texas (the "Property"). The Insurance Defendants sold a policy of insurance number MKLV13PP001788 to Plaintiff (the "Policy"). The Policy covered the residence against loss by fire among other perils.

On or about January 12, 2017, Plaintiff discovered damage to the Property, contents and resultant loss of business use as a result of a fire.

Plaintiff has performed all conditions precedent to its recovery under the Policy. Plaintiff gave timely notice to the carrier.

The carrier assigned the claim to the Brenner to investigate, report on, and adjust the loss.

Plaintiff provided information to Brenner and opportunities for him to inspect the residence.

Brenner failed to fully and adequately inspect the damage to Plaintiff's home.

Brenner and Essex each failed and refused to pay Plaintiff in accordance with its promises under the Policy.

Brenner and Essex each have failed to make an attempt to settle Plaintiff's claim in a fair manner, although its liability to the Plaintiff under the Policy is without dispute. This conduct is a violation of Tex. Ins. Code Sec. 541.060(a)(2)(A).

Essex and Brenner have failed to explain the reasons for the failure and refusal to issue payment and/or reach a decision regarding Plaintiff's claim.

The Insurance Defendants and the Adjuster have failed to affirm or deny coverage within a reasonable time. Plaintiff did not receive timely indication of acceptance or rejection regarding the full

and entire claim in writing from the Insurance Defendants or the Adjuster in a timely manner. This conduct is a violation of Tex. Ins. Code Sec. 541.060(a)(4).

The Insurance Defendants refused to fully compensate Plaintiff under the terms of the Policy even though the Insurance Defendants failed to conduct a reasonable investigation. The Insurance Defendants and Brenner performed a result-oriented investigation of Plaintiff's claim which resulted in an unfair, biased and inequitable evaluation of Plaintiff's losses. This conduct is a violation of Tex. Ins. Code Sec. 541.060(a)(7).

The Insurance Defendants and Brenner failed to meet their obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim within the time period mandated by statute. This conduct is a violation of Tex. Ins. Code Sec. 542.055.

The Insurance Defendants and Brenner failed to accept or deny Plaintiff's full and entire claim within the time period mandated by statute. This conduct is a violation of Tex. Ins. Code Sec. 542.056.

The Insurance Defendants failed to meet its obligation under the Texas Insurance Code regarding payment of the claim without delay. This conduct is a violation of Tex. Ins. Code Sec. 542.058.

The Insurance Defendants and Brenner have failed to offer Plaintiff adequate compensation without any explanation why full payment was not being made. The Insurance Defendants did not communicate that any future settlements or payments would be forthcoming to pay the entire losses covered under the Policy. This conduct violates Tex. Ins. Code Sec. 541.060(a)(3).

The Insurance Defendants and Brenner forced Plaintiff to file this suit by offering substantially less than the amount of covered damages.   This conduct violates Texas Insurance Code § 542.003(b)(5) and 28 TAC § 21.203(5).

## VI. CLAIMS AGAINST ESSEX

**Declaratory Judgment.**  Plaintiff re-alleges the foregoing paragraphs.  Pursuant to the Texas Declaratory Judgment Act, Plaintiff is entitled to a declaration that the Policy provides coverage for the cost to repair the damaged property, cost to replace the damage contents, and loss of business income; less only a deductible. In the alternative, Plaintiff asserts that the Policy is ambiguous and must be interpreted in favor of coverage and against the Insurance Defendants.

**Breach of Contract.**  Plaintiff re-alleges the foregoing paragraphs.  The acts and omissions of the Insurance Defendant and its agents constitute a breach and/or anticipatory breach of the Insurance Defendant's contract with Plaintiff. Plaintiff has satisfied all conditions precedent to the fulfillment of its contractual demands.  Accordingly, additionally or in the alternative, Plaintiff brings an action for breach of contract against the Insurance Defendant pursuant to Texas statutory and common law, including Chapter 38 of the Texas Civil Practice and Remedies Code, and seek all of its damages for such breach, including actual damages, consequential damages, attorneys' fees, prejudgment interest, other litigation expenses and costs of court.

**Violations of the Texas Insurance Code.**  Plaintiff re-alleges the foregoing paragraphs.  At all pertinent times, the Insurance Defendant was engaged in the business of insurance as defined by the Texas Insurance Code. The acts and omissions of the Insurance Defendant and their agents constitute one or more violations of the Texas Insurance Code.  More specifically, the Insurance Defendant has, among other violations, violated the following provisions of the Code:

- Insurance Code chapter 542, the Prompt Payment Act.

- Insurance Code § 542.003(b)(5) and 28 TAC § 21.203(5).

- Insurance Code chapter 541, section 541.060 by, among other things:

    a.  failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which their liability has become reasonably clear;

b.      failing to promptly provide a reasonable explanation of the basis in law or fact for the denial of Plaintiff's claims;

c.      refusing to affirm or deny coverage within a reasonable time; and/or

d.      refusing to pay Plaintiff's claim without conducting a reasonable investigation.

Specifically, the Insurance Defendant has purposefully delayed issuing full payment under the terms of the policy and has refused to give Plaintiff any indication as to when a final determination will be made.  Plaintiff has complied with its obligations under the Policy by providing information to the Insurance Defendant regarding the loss of contents as well as the loss of business income.  Despite these action, the Insurance Defendant has failed and refused to notify Plaintiff of a decision regarding their insurance claim as required by the policy.

Where statements were made by the Insurance Defendant, Plaintiff reasonably relied upon them.  As a result of the foregoing conduct, which was and is the producing cause(s) of injury and damage to Plaintiff, Plaintiff has suffered damages including, without limitation, actual damages, economic damages, and consequential damages.  Moreover, one or more of the foregoing acts or omissions were "knowingly" made, entitling Plaintiff to seek treble damages pursuant to the Insurance Code.  The Insurance Defendant has also violated the Prompt Payment Act, and Plaintiff seeks 18% damages as a penalty, plus reasonable and necessary attorney's fees incurred as a result of these violations.

**"Common Law Bad Faith."**  Plaintiff re-alleges the foregoing paragraphs.  The Insurance Defendant has refused to pay or delayed in paying a claim after liability has become reasonably clear. The Insurance Defendant has refused to pay, delayed in paying or offered grossly inadequate and unconscionable sums to settle the claims submitted by Plaintiff.  This constitutes a breach of its common law duty of good faith and fair dealing' *i.e.*, it is acting in "bad faith."

Moreover, the Insurance Defendant has "investigated" and "adjusted" Plaintiff's claim in a malicious, intentional, fraudulent and/or grossly negligent fashion, and Plaintiff is entitled to extra-contractual damages, including exemplary damages.  The Insurance Defendant is well aware that their actions involve an extreme risk that Plaintiff will suffer financial damage as a result of their refusal to honor their obligations, yet it is consciously indifferent to Plaintiff's rights.  Plaintiff is entitled to recover actual damages, consequential damages, punitive damages, and pre- and post-judgment interest.

### VII. CLAIMS AGAINST ADAM BRENNER

**<u>Violations of the Texas Insurance Code.</u>**  Plaintiff re-alleges the foregoing paragraphs.  At all pertinent times, Brenner was engaged in the business of insurance as defined by the Texas Insurance Code. The acts and omissions of Brenner constitute one or more violations of the Texas Insurance Code.  More specifically, Brenner has, among other violations, violated the following provisions of the Code by:

    a.    failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which their liability has become reasonably clear;

    b.    failing to promptly provide a reasonable explanation of the basis in law or fact for the denial of Plaintiff's claims;

    c.    refusing to affirm or deny coverage within a reasonable time; and/or

    d.    refusing to pay Plaintiff's claim without conducting a reasonable investigation.

The foregoing paragraphs are incorporated herein. The Insurance Defendant assigned the loss and the claim to Brenner who was at all pertinent times the agent of the Insurance Defendant, through both actual and apparent authority. The acts, representations and omissions of Brenner are attributed to the Insurance Defendant.

Despite having been assigned the claim, and despite being given authority and instructions to inspect, adjust and evaluate the claim, Brenner failed and refused to adjust the claim.  The Adjuster failed to inspect the property and the damages, failed to request information, failed to investigate the claim, failed to respond to requests for information from  the Insured, failed to timely evaluate the claim, failed to timely estimate the claim, and, failed to timely and properly report to the Insurance Defendant and make recommendations to the Insurance Defendant.  As of the date of this filing Brenner has not indicated that any payment is forthcoming nor has he notified Plaintiff as to whether their claim has been accepted or denied.

Brenner's actions were negligent, reckless, willful and intentional, and were the proximate and producing cause of damages to the Insured.

Where statements were made by the Brenner, including, but not limited to Plaintiff reasonably relied upon them.  As a result of the foregoing conduct, which was and is the producing cause(s) of injury and damage to Plaintiff, Plaintiff has suffered damages including, without limitation, actual damages, economic damages, and consequential damages.  Moreover, one or more of the foregoing acts or omissions were "knowingly" made, entitling Plaintiff to seek treble damages pursuant to the Insurance Code.

**Attorney's Fees.**  Plaintiff re-alleges the foregoing paragraphs.  Plaintiff has been required to engage the services of the undersigned attorneys and have agreed to pay their attorneys a reasonable fee for services expended and to be expended in the prosecution of its claims against the Insurance Defendant through the trial court and all levels of the appellate process.  Plaintiff seek the recovery of all of their attorney's fees and expenses.

With respect to all causes of action asserted herein, Plaintiff seeks the recovery of prejudgment and post-judgment interest.

## VIII. CONDITIONS PRECEDENT

All conditions precedent for Plaintiff to recover under the Policy have been or will be met.

## IX. JURY DEMAND

Plaintiff requests that a jury be convened to try the factual issues in this action.

## X.  REQUEST FOR DISCLOSURE

Pursuant to the Texas Rules of Civil Procedure 194, Plaintiff requests that Defendants provide the information required in a Request for Disclosure.

## XI. PRAYER

WHEREFORE, Plaintiff seeks the following relief:

A.      The Court's declaration that the Policy provides coverage for the damage to the residence, less only a deductible;

B.      Alternatively, a ruling that the Policy is ambiguous and must be interpreted in favor of coverage and in favor of Plaintiff;

C.      Damages against the Insurance Defendant for breach of contract, including actual damages, consequential damages, attorneys' fees, pre- and post-judgment interest, other litigation expenses and costs of court;

D.      Penalty in the amount of 18% damages for violations of the Prompt Payment Act;

E.      Damages against the Insurance Defendant and Adjuster, jointly and severally, for other violations of the Texas Insurance Code, including without limitation economic damages, actual damages, consequential damages, treble damages, and reasonable and necessary attorneys' fees;

F.      Damages against the Insurance Defendant and the Adjuster, jointly and severally, for breach of the duty of good faith and fair dealing, including actual damages, consequential damages, punitive damages and pre- and post-judgment interest;

G.     Plaintiff seeks monetary damages over $200,000.00 but less than $1,000.000.00; and

H.     Plaintiff also seeks all other financial relief and rulings to which it may be legally or equitably entitled.


Respectfully submitted,


MATTHEW R. PEARSON
State Bar No. 00788173
mpearson@gplawfirm.com
JONATHAN C. LISENBY
State Bar No. 24072889
jlisenby@gplawfirm.com
GRAVELY & PEARSON, L.L.P.
425 Soledad, Suite 600
San Antonio, Texas 78205
Telephone: (210) 472-1111
Facsimile: (210) 472-1110

**ATTORNEYS FOR PLAINTIFF**

# THOMAS A. WILDER, DISTRICT CLERK
## TARRANT COUNTY SERVICE REQUEST FORM

**Cause No:**_____

**Style of Case:**   Mikash Investments, Inc. DBA Days Inn Fort Worth v. Essex Insurance
Company and Adam Joshua Brenner

Please reference the Distict Clerk web page, **www.tarrantcounty.com/DistrictClerk/Forms** for the following
forms: Abstracts, Executions, Subpoenas.

**Choose the type of service documents for issuance and select the type and quantity of issuance(s)
needed.  *For electronic service, service document will be e-mailed to you for you to attach documents
and have party served.**

| X | **Check box if you would like the District Clerk's Office to make copies for your service. (add
$.50 per page per pleading for copies for service)**

**Title of Pleading to be Served:** Plaintiff's Original Petition
**Date Pleading Filed:** August 2, 2017
**Return to (e-Service ONLY):**_____
(Name and e-mail address)

| Quantity | Type of Service | TC Constable | Alternative Service (Private Process or Out of County) | Certified Mail | *Electronic Service |
|---|---|---|---|---|---|
| | Citation by Publication | | | | |
| | Citation by Posting | | | | |
| 2 | Citation | | | x | |
| | TRO | | | | |
| | Show Cause | | | | |
| | Capias | | | | |
| | Arrest Warrant | | | | |
| | Protective Order | | | | |
| | Writ of Habeas | | | | |
| | Writ of Attachment | | | | |
| | Bench Warrant | | | | |
| | Writ of Garnishment | | | | |
| | Writ of Permanent Injunction | | | | |
| | Writ of Temporary Injunction | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

Name of Party to be served: Essex Insurance Company of Texas   Service Type: Certified Mail
Address for Service:  4521 Highwoods Parkway, Glen Allen, Virginia   Party Type: Defendant

Name of Party to be served:  Adam Brenner   Service Type:   Certified Mail
Address for Service:  4760 Preston Road, 244-142, Frisco, Texas 75034-8549   Party Type:  Defendant

**Attach additional pages if there are more parties to be served.**

**PERSON REQUESTING SERVICE:**
NAME:   Sheila Thayer
MAILING ADDRESS:   425 Soledad, Suite 600, San Antonio, Texas 78205
PHONE NO: 210-472-1111   FAX NO.: 210-472-1110
EMAIL ADDRESS: sthayer@gplawfirm.com

Revised 03/31/2017

**G★P** | Gravely & Pearson, L.L.P
─────────────
A T T O R N E Y S   A T   L A W

FILED
TARRANT COUNTY
8/3/2017 8:09 AM
THOMAS A. WILDER
DISTRICT CLERK

August 3, 2017

*__Via E-Filing__*
Thomas Wilder
Tarrant County District Clerk
100 N. Calhoun St.
Fort Worth, Texas 76196

Re:    Cause No. 348-293616-17; Mikash Investments, Inc. dba Days Inn Fort Worth v. Essex
       Insurance Company et al; Tarrant County, Texas

To Whom It May Concern:

This letter is for payment for the copy fees for service of Plaintiff's Original Petition for the
Commissioner of Insurance.

Sincerely,

*Elyse M. Reynolds*
Elyse Reynolds
Legal Secretary

emr

Cause Number 348-293616-17

MIKASH INVESTMENTS, INC.            ESSEX INSURANCE COMPANY AND
DBA DAYS INN FORT WORTH     VS     ADAM JOSHUA BRENNER

## OFFICER'S RETURN

Received this <u>Citation By Certified Mail</u> on the 3rd day of August, 2017 at 11:20 AM; and executed at

<u>To and through the Commissioner Of Insurance, 333 Guadalupe, Austin, Texas 78701</u>

within the county of _____ State of VA on the 7th day of August, 2017 by mailing to

the within named <u>ESSEX INSURANCE COMPANY</u> a true copy of this <u>Citation By Certified Mail</u>

together with the accompanying copy of:

<u>PLAINTIFF'S ORIGINAL PETITION</u>

Authorized Person/Constable/Sheriff: Thomas A. Wilder
100 N CALHOUN
FORT WORTH, TX 76196-0402

County of Tarrant, State of Texas

By 

Fees $ 75.00      ANTHONY FERRARA

(Must be verified if served outside the State of Texas)

State of _____ County of _____

Signed and sworn to by the said _____ before me this _____

to certify which witness my hand and seal of office

(Seal)

_____
County of Tarrant, State of Texas

*34829361617000020*



**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

ESSEX INSURANCE COMPANY

THROUGH TEXAS COMMISSIONER OF INSURANCE
333 GUADALUPE ST.
AUSTIN, TX 78701

348-293616-17   DP/AF/CM

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9403 0952 5223 6541 78

2. Article Number *(Transfer from service label)*

7015 0640 0002 0985 0546

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____   ☐ Agent
                        ☐ Addressee

B. Received by *(Printed Name)*   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

RECEIVED
AUG 07 2017
TEXAS DEPT. OF INSU.
MAIL SERVICES

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ____ Mail
☐ ____ Mail Restricted Delivery
   (____)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053   Domestic Return Receipt

# THE STATE OF TEXAS
## DISTRICT COURT, TARRANT COUNTY

ORIGINAL

*CITATION*                    *Cause No. 348-293616-17*

### MIKASH INVESTMENTS, INC. DBA DAYS INN FORT WORTH
### VS.
### ESSEX INSURANCE COMPANY AND ADAM JOSHUA BRENNER

To and through the Commissioner Of Insurance, 333 Guadalupe, Austin, Texas 78701
TO: ESSEX INSURANCE COMPANY

4521 HIGHWOODS PKWY GLEN ALLEN, VA 23060-6148

SERVICE OF PROCESS MAY BE HAD UPON DEFENDANT BY DELIVERING TO THE COMMISSIONER OF INSURANCE, STATE OF TEXAS, TRIPLICATE
COPIES OF THIS CITATION TOGETHER WITH TRIPLICATE COPIES OF THE PLAINTIFF'S PETITION ATTACHED HERETO.
You said DEFENDANTS are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION
at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof
before the 348th District Court in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth,
Tarrant County, Texas said PLAINTIFF being

MIKASH INVESTMENTS INC

Filed in said Court on  August 2nd, 2017 Against
ESSEX INSURANCE COMPANY, ADAM JOSHUA BRENNER

For suit, said suit being numbered 348-293616-17 the nature of which demand is as shown on said
PLAINTIFF'S ORIGINAL PETITION  a copy of which accompanies this citation.

---

### MATTHEW R PEARSON
Attorney for MIKASH INVESTMENTS INC Phone No. (210)472-1111
Address      425 SOLEDAD STE 600 SAN ANTONIO, TX 78205

_____ Thomas A. Wilder _____ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal
of said Court, at office in the City of Fort Worth, this the 3rd day of August, 2017.

By *Anthony Ferrara*

ANTHONY FERRARA

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the
clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were
served this citation and petition, a default judgment may be taken against you.

**Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402**

---

### OFFICER'S RETURN  *34829361617000020*

Received this Citation on the _____ day of _____, _____ at _____ o'clock ___M; and executed at
_____ within the county of _____, State of _____ at _____ o'clock ___M
on the _____ day of _____, _____ by mailing to the within named _____

a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION  having first
endorsed on same the date of delivery.

_____
_____

Deputy/Constable/Sheriff: _____
County of _____ State of _____ By _____ Deputy
Fees $_____
State of _____ County of _____ (Must be verified if served outside the State of Texas)
Signed and sworn to by the said _____ before me this _____ day of _____, ____
to certify which witness my hand and seal of office
(Seal)                                        _____
                              County of _____, State of _____

7015 0640 0002 0985 0546

Cause No. 348-293616-17

MIKASH INVESTMENTS, INC.
DBA DAYS INN FORT WORTH

      VS.

ESSEX INSURANCE COMPANY AND
ADAM JOSHUA BRENNER

    ISSUED

This 3rd day of August, 2017

    Thomas A. Wilder
   Tarrant County District Clerk
     100 N CALHOUN
  FORT WORTH TX 76196-0402

By    ANTHONY FERRARA Deputy

MATTHEW R PEARSON
Attorney for: MIKASH INVESTMENTS INC
Phone No. (210)472-1111
ADDRESS: 425 SOLEDAD STE 600

    SAN ANTONIO, TX 78205

*CIVIL LAW*



*34829361617000020*

**ORIGINAL**

DISTRICT CLERK
THOMAS A. WILDER

2017 AUG 9 PM 4:01

TARRANT COUNTY
FILED

Cause Number 348-293616-17

MIKASH INVESTMENTS, INC.                                    ESSEX INSURANCE COMPANY AND
DBA DAYS INN FORT WORTH                    VS              ADAM JOSHUA BRENNER

## OFFICER'S RETURN

Received  this  <u>Citation By Certified Mail</u>   on  the 3rd day of August, 2017    at 11:20 AM; and  executed  at

<u>4760 PRESTON RD 244-142 FRISCO TX 75034 8549</u>

within the county of _____ State of TX on the  4th day of August, 2017     by  mailing  to

the within named  <u>ADAM JOSHUA BRENNER</u>             a true copy of this  <u>Citation By Certified Mail</u>

together with the accompanying copy of:

<u>PLAINTIFF'S ORIGINAL PETITION</u>

Authorized Person/Constable/Sheriff: Thomas A. Wilder

100 N CALHOUN

FORT WORTH TX, 76196-0402

County of Tarrant, State of Texas

By 

Fees $  75.00        ANTHONY FERRARA

(Must be verified if served outside the State of Texas)

State of _____ County of _____

Signed and sworn to by the said _____ before me this _____

to certify which witness my hand and seal of office

(Seal)                    _____

County of Tarrant, State of Texas

THOMAS A. WILDER
DISTRICT CLERK

2017 AUG -9  PM 3: 59

FILED
TARRANT COUNTY

AF

*34829361617000005*

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com*.

OFFICIAL USE

| Certified Mail Fee | $ 3.35 | |
|---|---|---|
| Extra Services & Fees (check box, add fee as appropriate) | | |
| ☐ Return Receipt (hardcopy) | $ | |
| ☐ Return Receipt (electronic) | $ | Postmark |
| ☐ Certified Mail Restricted Delivery | $ 4.95 | Here |
| ☐ Adult Signature Required | $ | |
| ☐ Adult Signature Restricted Delivery | $ | |
| Postage | $ .95 | |
| | 12.45 | |

ADAM JOSHUA BRENNER
4760 PRESTON RD. # 244-142
FRISCO, TX 75034-8549

348-293616-17   DP/AF/CM

7015 0640 0002 0985 0539

PS Form 3800, April 2015 PSN 7530-02-000-9047     See Reverse for Instructions

---

| **SENDER: COMPLETE THIS SECTION** | **COMPLETE THIS SECTION ON DELIVERY** |
|---|---|
| ■ Complete items 1, 2, and 3. | A. Signature |
| ■ Print your name and address on the reverse so that we can return the card to you. | X _____ ☐ Agent  ☐ Addressee |
| ■ Attach this card to the back of the mailpiece, or on the front if space permits. | B. Received by (Printed Name)  C. Date of Delivery  STATES  8-4-17 |
| 1. Article Addressed to: | D. Is delivery address different from item 1? ☐ Yes  If YES, enter delivery address below: ☐ No |

1. Article Addressed to:

ADAM JOSHUA BRENNER
4760 PRESTON RD. # 244-142
FRISCO, TX 75034-8549

348-293616-17   DP/AF/CM

9590 9403 0952 5223 6541 92

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☒ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Mail
☐ Mail Restricted Delivery
(over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number (Transfer from service label)
7015 0640 0002 0985 0539

PS Form 3811, July 2015 PSN 7530-02-000-9053     Domestic Return Receipt

THOMAS A. WILDER
2017 AUG -9 PM 3:58

---

THOMAS A. WILDER
DISTRICT CLERK
2017 AUG -9 PM 3:59
FILED
TARRANT COUNTY

**THE STATE OF TEXAS**                                    **ORIGINAL**
**DISTRICT COURT, TARRANT COUNTY**

═══════════════════════════════════════════════════════════════

*CITATION*                          *Cause No. 348-293616-17*

MIKASH INVESTMENTS, INC. DBA DAYS INN FORT WORTH
VS.
ESSEX INSURANCE COMPANY AND ADAM JOSHUA BRENNER

TO: ADAM JOSHUA BRENNER

4760 PRESTON RD 244-142 FRISCO, TX 75034-8549

You said DEFENDANTS are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof before the 348th District Court in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas said PLAINTIFF being

MIKASH INVESTMENTS INC

Filed in said Court on  August 2nd, 2017 Against
ESSEX INSURANCE COMPANY, ADAM JOSHUA BRENNER

For suit, said suit being numbered 348-293616-17 the nature of which demand is as shown on said PLAINTIFF'S ORIGINAL PETITION  a copy of which accompanies this citation.

───────────────────────────────────────────────────────────────

MATTHEW R PEARSON
Attorney for MIKASH INVESTMENTS INC Phone No. (210)472-1111
Address    425 SOLEDAD STE 600 SAN ANTONIO, TX 78205

_____Thomas A. Wilder_____ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal of said Court, at office in the City of Fort Worth, this the 3rd day of August, 2017.

By *Anthony Ferrara*
ANTHONY FERRARA

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402

───────────────────────────────────────────────────────────────

**OFFICER'S RETURN *34829361617000005***

Received this Citation on the _____ day of _____, _____ at _____ o'clock ___M; and executed at _____ within the county of _____ , State of _____ at _____ o'clock ___M on the _____ day of _____, _____ by mailing to the within named _____

a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION  having first endorsed on same the date of delivery.

Deputy/Constable/Sheriff: _____
County of _____ State of _____ By _____ Deputy
Fees $_____
State of _____ County of _____ (Must be verified if served outside the State of Texas)
Signed and sworn to by the said _____ before me this _____ day of _____, ____
to certify which witness my hand and seal of office
(Seal)                                      County of _____, State of _____

7015 0640 0002 0985 0539

Cause No. 348-293616-17

**MIKASH INVESTMENTS, INC.
DBA DAYS INN FORT WORTH**

VS.

**ESSEX INSURANCE COMPANY AND
ADAM JOSHUA BRENNER**

ISSUED

This 3rd day of August, 2017

Thomas A. Wilder
Tarrant County District Clerk
100 N CALHOUN
FORT WORTH TX 76196-0402

By     ANTHONY FERRARA Deputy

---

MATTHEW R PEARSON
Attorney for: MIKASH INVESTMENTS INC
Phone No. (210)472-1111
ADDRESS: 425 SOLEDAD STE 600

SAN ANTONIO, TX 78205

*CIVIL LAW*



*34829361617000005*

**ORIGINAL**

THOMAS A. WILDER
DISTRICT CLERK

2017 AUG -9 PM 3:58

FILED
TARRANT COUNTY

348-293616-17

FILED
TARRANT COUNTY
9/28/2017 9:46 AM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 348-293616-17

| | | |
|---|---|---|
| MIKASH INVESTMENTS, INC. DBA DAYS INN FORTH WORTH, | § § § | IN THE DISTRICT COURT OF |
| Plaintiff | § § | |
| v. | § § | TARRANT COUNTY, TEXAS |
| ESSEX INSURANCE COMPANY and ADAM JOSHUA BRENNER, | § § § | |
| Defendants | § | 348TH JUDICIAL DISTRICT |

## DEFENDANT EVANSTON INSURANCE COMPANY'S ORIGINAL ANSWER AND GENERAL DENIAL

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Evanston Insurance Company ("Evanston"), as successor by merger to Essex Insurance Company, files this Original Answer and General Denial to Plaintiff's Original Petition and would respectfully show as follows:

### I.    GENERAL DENIAL

Defendant asserts a general denial as authorized by Rule 92 of the Texas Rules of Civil Procedure and respectfully requests that Plaintiff be required to prove the charges and allegations made against it by a preponderance of the evidence as is required by the Constitution and laws of the State of Texas.

### II.    PRAYER

Defendant requests that Plaintiff take nothing by its claims and that Defendant be granted any and all other relief to which it may show itself justly entitled.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By:   /s/  Cy Haralson
      Cyrus W. Haralson
      Texas State Bar No. 24065371
      E-mail:  charalson@thompsoncoe.com
      Christopher H. Avery
      State Bar No.  24069321
      E-mail:  cavery@thompsoncoe.com

One Riverway, Suite 1400
Houston, Texas  77056
Telephone:  (713) 403-8210
Telecopy:  (713) 403-8299

COUNSEL FOR DEFENDANT

## CERTIFICATE OF SERVICE

      I certify that a true and correct copy of the foregoing document was served on all counsel of record, pursuant to the Texas Rules of Civil Procedure, on this the 28th day of September, 2017.

Matthew R. Pearson
mpearson@gplawfirm.com
Jonathan C. Lisenby
jlisenby@gplawfirm.com
425 Soledad, Suite 600
San Antonio, Texas 78205
Telephone: (210) 472-1111
Facsimile: (210) 472-1110
*Attorneys for Plaintiff*

           /s/ Christopher H. Avery
           Christopher H. Avery

CAUSE NO. 348-293616-17

| | | |
|---|---|---|
| MIKASH INVESTMENTS, INC. | § | IN THE DISTRICT COURT OF |
| DBA DAYS INN FORTH WORTH, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | TARRANT COUNTY, TEXAS |
| | § | |
| ESSEX INSURANCE COMPANY and | § | |
| ADAM JOSHUA BRENNER, | § | |
| | § | |
| Defendants | § | 348TH JUDICIAL DISTRICT |

## DEFENDANT EVANSTON INSURANCE COMPANY'S
## ORIGINAL ANSWER AND GENERAL DENIAL

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Evanston Insurance Company ("Evanston"), as successor by merger to Essex Insurance Company, files this Original Answer and General Denial to Plaintiff's Original Petition and would respectfully show as follows:

## I.    GENERAL DENIAL

Defendant asserts a general denial as authorized by Rule 92 of the Texas Rules of Civil Procedure and respectfully requests that Plaintiff be required to prove the charges and allegations made against it by a preponderance of the evidence as is required by the Constitution and laws of the State of Texas.

## II.    PRAYER

Defendant requests that Plaintiff take nothing by its claims and that Defendant be granted any and all other relief to which it may show itself justly entitled.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By:   /s/  Cy Haralson
      Cyrus W. Haralson
      Texas State Bar No. 24065371
      E-mail:  charalson@thompsoncoe.com
      Christopher H. Avery
      State Bar No.  24069321
      E-mail:  cavery@thompsoncoe.com

One Riverway, Suite 1400
Houston, Texas  77056
Telephone:  (713) 403-8210
Telecopy:  (713) 403-8299

COUNSEL FOR DEFENDANT

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was served on all counsel of record, pursuant to the Texas Rules of Civil Procedure, on this the 28th day of September, 2017.

Matthew R. Pearson
mpearson@gplawfirm.com
Jonathan C. Lisenby
jlisenby@gplawfirm.com
425 Soledad, Suite 600
San Antonio, Texas 78205
Telephone: (210) 472-1111
Facsimile: (210) 472-1110
***Attorneys for Plaintiff***

                        /s/ Christopher H. Avery
                      Christopher H. Avery